UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLOS CARMICHAEL,

    Plaintiff,

v.

Case No. 12-13594
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

CORRECTIONAL MEDICAL
SERVICES, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS CLAIMS AGAINST MARK SNYDER PURSUANT TO 28 U.S.C. § 1915

**I. RECOMMENDATION**: The Court should dismiss Plaintiff's claims against Mark Snyder pursuant to 28 U.S.C. § 1915(e).

**II. REPORT**

    **A. Background**

Plaintiff, Karlos Carmichael, a state prisoner who is proceeding without the assistance of counsel, filed his Complaint and Application to Proceed Without Prepayment of Fees on August 14, 2012. (DE 1, 2.) His Complaint named 54 Defendants, alleging that each played a role in denying him appropriate medical

treatment for an injured knee, which resulted in permanent knee damage. The Court granted Plaintiff's application on September 10, 2012. (DE 3.)

On September 13, 2012, the Court performed a screen under 28 U.S.C. § 1915(e)(2)(b) and concluded that Plaintiff failed to satisfy the minimum pleading requirements as to all named Defendants except Correctional Medical Services,[1] George Kuzma, and Mark Snyder. (DE 5.) The Court therefore dismissed 51 of the 54 named Defendants and directed the United States Marshal to serve the remaining three Defendants. To date, those Defendants have not been served.

## B. Standard

Congress enacted 28 U.S.C. § 1915 seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statue, which requires *sua sponte* dismissal of an action upon the court's determination that the action is frivolous, malicious, or

---

[1] In the time since Plaintiff filed his complaint in 2012, Correctional Medical Services, Inc., merged with PHS Correctional Healthcare to create Corizon. *See, e.g., Corizon Launches from Correctional Healthcare Merger*, http://www.corizonhealth.com/Corizon-News/Corizon-Launches-From-Correctional-Healthcare-Merger1 (last visited Feb. 6, 2015).

fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2) & (3). While this pleading standard does not require "detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Put another way, Plaintiff must, at a minimum, make sufficient allegations to give defendants fair notice of the claims against them.

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482

3

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### C. Discussion

To state a claim under 42 U.S. §1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). In addition, the complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for the alleged violation of rights).

Here, other than naming him as a Defendant, Plaintiff fails to reference Mark Snyder anywhere in his Complaint. Even holding Plaintiff to a less stringent standard than a represented party, Plaintiff's Complaint fails to give Marks Snyder sufficient notice of the claims against him. It is therefore recommended that the Court dismiss Plaintiff's claims against Mark Snyder pursuant to § 1915 for failure to state a claim upon which relief may be granted.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: February 11, 2015                s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 11, 2015, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti
                                        (313) 234-5200

6