UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLOS CARMICHAEL,

Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES, *et al.*,

Defendants.

Case No. 12-cv-13594

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Karlos Carmichael ("Plaintiff") commenced this action on August 14, 2012 against Correctional Medical Services, among others ("Defendants"), under 42 U.S.C. § 1983. *See* Dkt. No. 1. In the Complaint, Plaintiff alleges that Defendants violated his Eighth Amendment rights for failing to properly treat a knee injury sustained while incarcerated. *Id.*

On August 7, 2015, the Defendants filed a Motion to Dismiss. *See* Dkt. No. 22. For the reasons discussed below, the Motion will be **GRANTED**.

**II. BACKGROUND**

Plaintiff is a prisoner incarcerated at the Lakeland Correctional Facility. Dkt. No. 1. While there, on November 8, 2006, the Plaintiff slipped and fell while stepping out of the shower, injuring his right knee. *Id.* at 7. Plaintiff alleges that his doctors recommended surgery, but the Defendant CMS denied his request to consult with a surgeon. *Id.* Plaintiff claims that he was unable to be fitted with a knee brace. *Id.*

In February of 2007, Plaintiff had an MRI completed at the Community Health Center. *Id.* Plaintiff claims the MRI showed extensive damage to his knee. *Id.* On April 25, 2007, Plaintiff underwent surgery on his right knee, but unfortunately, not all of Plaintiff's injuries were repairable. *Id.*

Over the course of the next year, Plaintiff claims that he grieved Defendants numerous times, to no avail. *Id.* at 8. In January of 2008, it was requested that Plaintiff have a total knee replacement. *Id.* at 9. On January 28, 2008,[1] Plaintiff was denied again.

On December 8, 2009, the Plaintiff filed a claim against Defendants. *See Carmichael v. Correctional Medical Services, Inc., et al.*, Case No. 09-cv-14771. That claim was dismissed without prejudice on February 23, 2011. *Id.* Plaintiff filed the instant action 18 months later on August 14, 2012. Dkt. No. 1.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough 'to raise a right to relief above the speculative level' on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

---

[1] The complaint says January 28, 2007, but the circumstances suggest that this is merely a typographical error.

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*. at 679.

## IV. DISCUSSION

Defendants move for dismissal on two grounds: (1) that the Plaintiff failed to file his complaint within the applicable statute of limitations; and (2) that Plaintiff failed to allege sufficient facts to constitute an actionable claim. *See* Dkt. No. 22 at 22, 26 (Pg. ID No. 103, 107).

Plaintiff's claims are brought under 42 U.S.C. § 1983. *See* Dkt. No. 1. "Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983—a void which is commonplace in federal statutory law." *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 483, 100 S. Ct. 1790, 1794-95, 64 L. Ed. 2d 440 (1980). Whenever such a void exists, the Court "borrows" the state law of limitations governing "an analogous cause of action." *Id.* When the Court borrows the state law of

limitations, the Court borrows both the limitations period and the tolling rules unless those rules are inconsistent with federal law. *See id.* ("[T]herefore, resolution of this case requires us to identify the New York rule of tolling and determine whether that rule is "inconsistent" with federal law.").

The Sixth Circuit has held "that the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005); *see also* MICH. COMP. LAWS § 600.5805(10). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 273(6th Cir. 1984)).

It is undisputed that the absolute latest date where the statute of limitations could have started to run would have been January 28, 2008. Dkt. No. 22 at 23 (Pg. ID No. 104). This is the latest relevant date listed in Plaintiff's complaint. *See* Dkt. No. 1 at 8 (Pg. ID No. 8). Defendants argue further that this means the absolute latest date that the current action could have been filed was May 31, 2011.[2] *Id.* Defendants' argument, however, fails to account for Michigan's tolling laws.

Under Michigan law, the statute of limitations will be tolled "at the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." MICH. COMP. LAWS. § 600.5856(a). "The tolling statute

---

[2] Defendant adds 120 days to the three year statute of limitations under the assumption that the Plaintiff's claim is grievable. For the purposes of this motion, the Court will operate under the same assumption. Defendants are also careful to note that the 31st of May 2011 is the first available day that is not on a weekend or federal holiday. *See* Dkt. No. 22 at 23, n. 1 (Pg. ID No. 104).

'permits the tolling of the statute of limitations during the pendency of a prior suit between the parties where the prior action was not adjudicated on the merits.' " *CitiMortgage, Inc. v. FMM Bushnell, LLC*, No. 317422, 2014 WL 7338876, at *8 (Mich. Ct. App. Dec. 23, 2014) (quoting *Sherrell v. Bugaski*, 169 Mich. App 10, 17, 425 N.W.2d 707 (1988)). "An action dismissed without prejudice, or dismissed for a ministerial procedural reason, has not been adjudicated on the merits." *Id.* Afterwards, the statute of limitations resumes without restarting.

Here, the statute of limitations began to run January 28, 2008 at the very latest. Assuming the offense was grievable, the Plaintiff had three years and 120 days to file. This means that the original due date was May 28, 2011. Plaintiff filed his original lawsuit 680 days later, on December 8, 2009. *See* Dkt. No. 25 at 2 (Pg. ID No. 131). The original case was dismissed without prejudice on February 23, 2011. This means that the statute of limitations was tolled for 442 days. Factoring the extra time means that once Plaintiff's claim was dismissed without prejudice, the Plaintiff had to refile by May 10, 2012. In the present case, the Plaintiff filed on August 14, 2012. *See* Dkt. No. 1. Therefore, the claim is untimely and barred by the statute of limitations.

Seeing as the claim is time-barred, the Court need not discuss the second ground for dismissal.

### V. CONCLUSION

For the reasons discussed herein, the Defendants' Motion to Dismiss [22] is **GRANTED**.

IT IS SO ORDERED.

Dated: January 4, 2016 /s/Gershwin A Drain  
Detroit, MI HON. GERSHWIN A. DRAIN  
United States District Court Judge